Matter of Barkats (2024 NY Slip Op 03888)

Matter of Barkats

2024 NY Slip Op 03888

Decided on July 24, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS,
WILLIAM FORD, JJ.

2024-00796

[*1]In the Matter of Sanny Barkats, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Sanny Barkats, respondent. (Attorney Registration No. 4328928)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 27, 2005.

Catherine A. Sheridan, Acting Chief Counsel, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On January 23, 2024, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent, upon consent, by email, with a notice of petition and a verified petition, both dated January 23, 2024, and duly filed those papers with this Court together with an affidavit of service. The petition contains two charges of professional misconduct, alleging that the respondent engaged in conduct that is prejudicial to the administration of justice and engaged in conduct that adversely reflected on his fitness as a lawyer by way of his failure to satisfy two monetary judgements entered against him in the United States District Court for the Southern District of New York, in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). Specifically, the petition alleges that the respondent failed to satisfy two monetary judgments entered against him in the United States District Court for the Southern District of New York. In Lewis Family Group Fund LP, LF Fund GP LLC, and Kelly Ann Lewis v JS Barkats PLLC, Sunny J. Barkats a/k/a Sanny Barkats, Sunny Sky Realty LLC, and J.P. Morgan Chase, N.A. , Case No. 1:16-cv-5225, a judgment was entered against the defendants on September 24, 2021, for approximately $798,716. In Denisse Villalta v JS Barkats, PLLC, and Sunny Barkats, an Individual , Case No. 1:16-cv-02772, a judgment was entered against the defendant on June 17, 2021, for approximately $1.2 million.
The notice of petition directed the respondent to file his answer to the petition, together with proof of service of the answer upon the Grievance Committee, within 20 days after service upon him of the notice of petition and the petition. To date, the respondent has neither served nor filed an answer to the petition, as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent [*2]established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were duly served upon the respondent on February 28, 2024, he has neither opposed the instant motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon his default is granted, the charges in the petition dated January 23, 2024, are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and FORD, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to deem the charges in the petition dated January 23, 2024, established is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Sanny Barkats, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Sanny Barkats, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Sanny Barkats, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Sanny Barkats, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court